UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X   <u>For Online Publication Only</u>
STEPHEN FLANAGAN, *as a Trustee of the* GENERAL
BUILDING LABORERS' LOCAL 66 PENSION FUND;
STEPHEN FLANAGAN, *as a Trustee of the* GENERAL           **ORDER**
BUILDING LABORERS' LOCAL 66 WELFARE FUND;                 12-CV-5584 (JMA) (SIL)
STEPHEN FLANAGAN, *as Trustee of the* GENERAL
BUILDING LABORERS' LOCAL 66 ANNUITY FUND;
STEPHEN FLANAGAN, *as a Trustee of the* GENERAL
BUILDING LABORERS' LOCAL 66 EMPLOYER
COOPERATIVE AND EDUCATIONAL TRUST FUND;
STEPHEN FLANAGAN, *as a Trustee of the* GENERAL
BUILDING LABORERS' LOCAL 66 GREATER NY
LABORERS' EMPLOYER COOPERATIVE AND
EDUCATIONAL TRUST FUND; STEPHEN
FLANAGAN *as a Trustee of the* GENERAL BUILDING
LABORERS' LOCAL 66 TRAINING PROGRAM;
STEPHEN FLANAGAN, *as a Trustee of the* GENERAL
BUILDING LABORERS' LOCAL 66 NEW YORK
STATE HEALTH AND SAFETY FUND; STEPHEN
FLANAGAN, *as Business Manager of* GENERAL
BUILDING LABORERS' LOCAL UNION NO. 66
*of the* LABORERS' INTERNATIONAL UNION OF
NORTH AMERICA, AFL-CIO,

            Plaintiffs,

    v.

KND CONSTRUCTION CORPATION,
KND CONTRACTING CORP., *and* PATRICK KENNY,

            Defendants.
------------------------------------------------------------------------X

**AZRACK, United States District Judge:**

   Before the Court is plaintiffs' motion for default judgment against defendants KND Construction Corporation ("KND Construction"), KND Contracting Corporation ("KND Contracting"), and Patrick Kenny ("Kenny"). After reviewing the plaintiffs' motion and

supporting evidence, the Court GRANTS the motion for default judgment as to KND Construction and Kenny, and finds them jointly and severally liable in the amount of $328.184.46. The Court DENIES the motion as to KND Contracting.

## I. BACKGROUND

Stephen Flanagan, acting in his capacity as a fiduciary of eight employee benefit funds and as chief executive officer of a labor organization, filed this suit against defendants to recover unpaid contributions and dues stemming from alleged breaches of a collective bargaining agreement (the "CBA"). The suit seeks relief pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. 2001 et seq. and the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 141 et seq.

Defendant KND Construction and individual defendant Kenny entered into a CBA with General Building Laborers' Local Union No. 66; the plaintiff funds are third-party beneficiaries of the CBA. (Compl. ¶ 9.) Plaintiffs also allege that the two corporate defendants were under common control, as Kenny was the sole or primary shareholder of the two companies and effectively controlled both companies. (Id. ¶ 11.)

Defendants initially appeared and defended this action. However, after their attorney withdrew in April 2014, they abandoned their defense and have ignored court orders that directed the corporate defendants to retain new counsel and that instructed all three defendants to appear at conferences in September and October 2014. (See Order, ECF No. 21; Letter re: Oct. 7 Teleconference by Stephen Flanagan, ECF No. 28; Mins. Proceedings Before Judge Bianco, ECF No. 30.)

In December 2014, plaintiffs obtained a clerk's entry of default against defendants. In April 2015, plaintiffs served all defendants with the motion for default judgment.

## II. DISCUSSION

### A. Defendants Defaulted

Defendants, who have not responded to the motion for default judgment, defaulted by failing to defend this action and by ignoring multiple court orders. Moreover, the corporate defendants also defaulted by failing to obtain counsel, as corporations may not appear pro se in federal court.

### B. Liability

When a defendant defaults, the Court is required to accept all of the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009). However, the Court also must determine whether the allegations in the complaint establish the defendant's liability as a matter of law. Id.

The allegations in the complaint are sufficient to establish liability as to KND Construction and Kenny under the agreements and ERISA.[1]

However, plaintiffs have not established that KND Contracting is liable. The complaint merely alleges that the two corporate defendants were under common control. Plaintiffs never specifically allege that KND Contracting is jointly and severally liable with KND Construction. Moreover, plaintiffs' motion for default judgment does not advance any argument as to why KND Contracting should be held liable or explain why common control is sufficient to establish KND Contracting's liability.

### C. Damages

---

[1] Plaintiffs provided the Court with the signature page for a July 2008 CBA, which Kenny, the President of KND Construction, signed in both his personal and representative capacities. (Mot. Default J., Ex. A – Part 5, ECF No. 37.6; see also Compl. ¶ 9.) Given the allegations in the complaint and the documentary evidence, the Court concludes that both Kenny and KND Construction were bound by the 2008 CBA and that the 2008 CBA's automatic renewal provision rendered them liable under the 2008 CBA for contributions after July 2011. (See Mot. Default J, Ex. A – Part 2 at Art. 11 § 1(a), ECF No. 37.3; Marmor Aff., Mot. Default J., ECF No. 37.1.)

"'[W]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 189 (2d Cir. 2015) (quoting Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012)). The Court must conduct an inquiry to "ascertain the amount of damages with reasonable certainty." Credit Lyonnais Sec., Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)). "There must be an evidentiary basis for the damages sought by plaintiff, and a district court may determine there is sufficient evidence either based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence." Cement & Concrete Workers Dist. Council Welfare Fund, 699 F.3d at 234. District courts may hold an inquest by affidavit without a hearing so long as the court has "ensured that there was a basis for the damages specified in the default judgment." Transatlantic Marine, 109 F.3d at 111.

The complaint, the declaration of attorney Alicia Menechino, the affidavit of Allen Marmor, and plaintiffs' statement of damages explain plaintiffs' damages request. (Mot. Default J., ECF No. 37; Marmor Aff., Mot. Default J., ECF No. 37.1.) For the reasons stated in those submissions, the Court finds, based on the documentary evidence submitted, that plaintiffs have established the following damages to a reasonable certainty. Defendants KND Construction and Kenny are jointly and severally liable for $328.184.46 in damages, comprised of: (1) $145,406.90 for contractually required fringe benefit contributions and dues for the periods from July 1, 2008 through June 30, 2011, and July 1, 2010 through August 12, 2012; (2) $33,010.78 for pre-judgment interest through March 20, 2015; (3) $114,715.86 for liquidated damages; (4) $29,279.32 for imputed costs of audit; (5) $5,316.60 in attorney's fees; and (6) $455.00 of costs.

Both the hourly rate sought by plaintiff's counsel and the time spent are reasonable and supported by contemporaneous time records. See New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1147–48 (2d Cir. 1983).

### III. CONCLUSION

The Clerk of the Court is respectfully directed to enter judgment, jointly and severally, against defendants KND Construction and Kenny in the amount of $328.184.46.

**SO ORDERED.**


Dated: November 30, 2015
Central Islip, New York

                                                /s/    (JMA)
                                        JOAN M. AZRACK
                                        UNITED STATES DISTRICT JUDGE